**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANNIS MAXWELL,

    Petitioner,

v.                 Case No. 07-CV-12272-DT

SUSAN B. DAVIS,

    Respondent.
                /

**OPINION AND ORDER OF SUMMARY DISMISSAL**

  Petitioner Annis Maxwell is a state inmate currently incarcerated at the Huron Valley Complex in Ypsilanti, Michigan, pursuant to a conviction for uttering and publishing. She has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, claiming that she is incarcerated in violation of her constitutional rights. For the reasons stated below, the court will dismiss Maxwell's petition.

  Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

  In her petition, Maxwell presents a single claim for relief. She argues that the state court failed to present substantial and compelling reasons for departing from the

sentencing guidelines range when it imposed a sentence of five to fourteen years imprisonment. Under Mich. Comp. Laws § 769.34(3), a trial court must provide substantial and compelling reasons for departing from state sentencing guidelines. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "'[F]ederal habeas corpus review does not lie for errors of state law.'" *Id.* at 67 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Whether a sentencing court had substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (holding that a state court's application of the sentencing guidelines is a matter of state concern only); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich.2001); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999). Thus, the petition presents only a state law claim that may not form the basis for habeas corpus relief.

The court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED.

<span style="margin-left: 50%">S/Robert H. Cleland<br>ROBERT H. CLELAND<br>UNITED STATES DISTRICT JUDGE</span>

Dated: May 31, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 31, 2007, by electronic and/or ordinary mail.

                                                S/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522